Filed 10/21/25  T.A. v. R.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| T.A.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>R.M.,<br><br>    Defendant and Appellant. | D084420<br><br><br>(Super. Ct. No. D525369) |

APPEAL from an order of the Superior Court of San Diego County, Deborah A. Cumba, Commissioner.  Affirmed.

R.M., in pro. per., for Defendant and Appellant.

T.A., in pro. per., for Plaintiff and Respondent.


In this family law matter, R.M. (Father) appeals from the trial court's April 18, 2024 ruling, which denied request for an order reducing the amount of his child support payment to zero based on his alleged lack of income and assets.  The trial court denied the request and ordered child support in a monthly amount of $770 based on Father's monthly imputed income of $2,627.

Father contends that the trial court erred because it did not depart from guideline child support on the ground that application of the guideline formula "would be unjust or inappropriate due to special circumstances in the particular case." (Fam. Code, § 4057, former subd. (b)(5).) We conclude that Father has forfeited the argument that the trial court should have departed from guideline child support on that basis because he did not raise it in the trial court. Accordingly, we affirm the trial court's April 18, 2024 order.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Father and T.A. (Mother) share two minor children, who reside 100 percent of the time with Mother.

Father, who is representing himself in this appeal, has provided a very limited appellate record. We have attempted to infer the relevant procedural history from the record before us.

According to a statement in Mother's declaration, "Father's child support was set to zero . . . from July 2022 through August 2023, as Father reportedly claimed to have no income while waiting for his Social Security Disability application to process." Next, according to a statement made by counsel for the County of San Diego Department of Child Services at a January 18, 2024 hearing, the child support order at the time of that hearing was "for Father to pay Mother $789 per month, which was made effective September 1st, 2023" when "the parties were . . . before the Court August 21st, 2023." As to that order, the trial court described it as having been based on a finding, on August 21, 2023, that Father's monthly income was $2,627. Apart from the foregoing information, the appellate record contains no pleadings, evidence or reporter's transcripts related to the child support order made on August 21, 2023.

2

On December 11, 2023, Father filed a request for a change in the August 21, 2023 child support order. The trial court's ruling on that request is currently before us in Father's appeal.

In his December 11, 2023 filing, Father requested that a new child support order be entered based on "guideline" amounts.[1] On January 12, 2024, Father filed a supporting declaration, in which he clarified that he was requesting child support be set at zero due to his lack of income and assets. In his declaration, Father stated that he was disabled and unable to work due to a March 2022 injury and was expecting to undergo surgeries. He also explained that family members and friends had been housing him and paying his bills. According to Father, he had applied for "social security disability," but his application had been denied and an appeal of the denial was pending. Father stated that at the time of the August 21, 2023 child support order, "I did have a small amount of the proceeds leftover from the sale of my home," but "have now gone through all of those proceeds." Father therefore requested that "child support be assessed to zero until the completion of my next 2 surgeries . . . and or the determination from social security."

Mother filed an opposition to Father's request to lower the child support order "to zero." Among other things, Mother explained that she did not believe there had been a significant change in circumstances to warrant a reevaluation of child support from the order made in August 2023.

[1]    "California has adopted a 'statewide uniform guideline' for determining child support according to a complex formula based on each parent's income and custodial time with the child. . . . The child support amount the formula establishes is rebuttably presumed to be the correct amount, and the court may order a different amount only in limited circumstances and only after making certain findings." (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1245, citations omitted; see also Fam. Code, §§ 4055, 4057.)

At a hearing on January 18, 2024, the trial court ordered the parties to provide additional information relevant to Father's request, and it set a future hearing date to consider the matter.

On March 25, 2024, Father filed an income and expense declaration and lodged several documents. Father's income and expense declaration stated that he had no income and only $327 in assets, but had monthly expenses of $2,417, of which $2,400 were being paid by others.

The trial court held a hearing on April 18, 2024. The trial court inquired whether Father's expenses were still the same as on August 21, 2023, when the court found that Father's income was $2,627. Father answered that "[t]hey're close to being the same." The trial court made the following ruling: "The Court maintains its prior finding regarding [F]ather's income of $2,627. The reason for this is that [F]ather testified today that his expenses are the same as when the Court made that finding, and that they are consistently being paid by relatives at this point. The Court also considered the verification of disability form that was . . . lodged with the Court. . . . The most recent one shows a return-to-work date of May 11th, 2024. The limitations that are stated are no lifting, twisting, or walking more than half a mile per day, which indicates to the Court that [Father] has the ability to work in some capacity. Therefore, the Court finds that it is reasonable that father will continue to pay his bills, which are $2,627 per month, and will have the ability to work by May 11th, 2024."

After taking into account a slight increase in Mother's income since the last child support order, along with Father's imputed monthly income of $2,627, the trial court relied on the California Guideline Child Support Calculator (Cal. Rules of Court, rule 5.275(j)), to conclude that

Father owed monthly child support of $770 per month, effective January 1, 2024.

## II.

## DISCUSSION

A.    *Mother's Motion to Strike*

Father lodged certain documents with us on May 13, 2025. Although, it appeared that Father may have been attempting to lodge with us the same documents that he lodged in the trial court on March 25, 2024, that is not the case. Specifically, Father's lodgment with this court contains two doctor's notes created *after* March 25, 2024 and a letter from the Social Security Administration dated March 28, 2025.[2]

Mother has filed a motion requesting that we strike certain documents from Father's May 13, 2025 notice of lodgment. Specifically, Mother asks that we strike (1) the two doctor's notes and the letter from the Social Security Administration that postdate the filing of the notice of lodgment in the trial court, and (2) exhibits 6, 7 and 8. Mother does not dispute that exhibits 6, 7, and 8 were part of Father's lodgment to the trial court. However, she argues they should be stricken because they were not expressly identified in Father's notice designating the record on appeal.

"[N]ormally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at

---

[2]    The March 28, 2025 letter from the Social Security Administration states that Father has been determined to be eligible for monthly disability benefits beginning September 2022. Although that development will undoubtedly be relevant in *future* child support proceedings, it has no bearing on the instant appeal, which concerns our review of the trial court's April 18, 2024 ruling based on the information that was before the trial court at that time.

the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 fn. 3.) Accordingly, we grant the motion to strike as to the documents that postdate the filing of the lodgment in the trial court, namely, the document identified as page 002 in exhibit 1, the document identified as page 035 in exhibit 2, and the entirety of exhibit 9. However, we deny the motion to strike as to exhibits 6, 7 and 8. Father's notice designating the record on appeal referred to his "Notice of Intent to Lodge Documents *with attachments*." (Italics added.) We construe that description as encompassing all of the documents that Father lodged with the trial court, including exhibits 6, 7 and 8, even though Father did not otherwise identify the title of those documents.

We note that because of the vague description of the documents in Father's notice of lodgment with the trial court, we cannot be certain which documents in Father's May 13, 2025 lodgment to this court were also before the trial court. Based on certain comments at an April 18, 2024 hearing, we infer that the trial court received at least one of the documents that Father has lodged with us. Specifically, a doctor's note dated March 13, 2024, stating that Father will be able to return to work on May 11, 2024, appears to have been submitted to the trial court. Ultimately, however, because the outcome of this appeal does not depend on whether the remaining documents that Father has lodged with us are the same documents that were before the trial court, we need not, and do not, take steps to further resolve that uncertainty.

B.	*Father Has Forfeited His Contention That Special Circumstances Justify a Departure From Guideline Child Support*

In his opening appellate brief, Father does not challenge the trial court's decision to continue to impute income to him in the monthly amount

6

of $2,627.[3]  Instead, Father contends that the trial court erred because it did not consider a departure from guideline child support based on the statutory provision allowing the court to deviate from the guideline support formula if "[a]pplication of the formula would be unjust or inappropriate due to special circumstances in the particular case."  (Fam. Code, § 4057, former subd. (b)(5).)[4]

Father cites a number of factors that he contends, collectively, constitute "special circumstances" justifying a departure from guideline support.  Specifically, Father cites his asserted inability "to earn funds" due to his injury, Mother's "resources to care for the children," his belief that "[Father's] family should not be obligated to pay child support based on bills that they pay on [Father's] behalf,"[5] his pending appeal regarding his social

---

[3]  More specifically, a party seeking a modification of an order imputing income in calculating child support has the burden to establish a change in circumstances.  (*In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, 1303–1304.)  Father's opening appellate brief does not contend that the trial court erred when it determined that Father had failed to establish any changed circumstance to support a modification of the August 21, 2023 order imputing income to Father in the monthly amount of $2,627.

[4]  Father also cites a statutory amendment to Family Code section 4057, effective September 1, 2024, which permits a departure from guideline child support based on a low income adjustment.  (Fam. Code, § 4057, subd. (b)(5), enacted by Stats. 2023, ch. 213, § 5.)  However, that provision was not in effect when the trial court ruled on April 18, 2024, and we accordingly do not consider it.

[5]  At oral argument in this appeal, Father focused on the fact that family members were making payments to his creditors on his behalf.  In those comments, Father appeared to challenge the trial court's decision on August 21, 2023, to impute income to him in the amount of $2,627.  According to Father, that ruling improperly took into account the payments by Father's family.  However, the trial court's August 21, 2023 order imputing income to

security disability application, and the history of his child support payments prior to his injury.[6]

A party generally may not raise a new issue for the first time on appeal (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603). That rule applies specifically in the context of an argument regarding a child support order. (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1001–1002.)

We see no indication in the record that Father made any argument in the trial court for a departure from guideline child support on the ground of special circumstances based on Family Code section 4057, former subdivision (b)(5). Therefore, Father has forfeited the argument, made for the first time

---

Father is not before us in this appeal, as Father did not appeal from it. Instead, in this appeal, Father appeals from the trial court's *subsequent* order ruling on Father's application for a decrease in child support based on changed circumstances. Further, even if the trial court's August 21, 2023 decision to impute income in the amount of $2,627 was properly before us, Father has not provided us with any pleadings, evidence or reporter's transcripts related to that order, and we therefore do not have information about the grounds upon which the trial court relied.

[6] Father also contends that the special circumstances include "the child support office recommendation . . . to set [Father's] child support at zero pending social security disability approval." We do not consider that contention because Father cites to no relevant evidence in the record. Further, in his reply brief, as an additional special circumstance, Father claims that "Mother has fought [Father's] ability to parent his children for over ten years." We do not consider that argument. Not only does it lack any support in the record, it is also improperly raised for the first time in Father's reply brief. (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070, ["An appellant may not put off to its reply brief the presentation of a legal argument supporting a claim of error asserted in its opening brief, for to do so would unfairly deprive the respondent of the ability to rebut the argument."].)

on appeal, that the trial court should have exercised its discretion to make such a departure.

## DISPOSITION

The trial court's April 18, 2024 order that Father pay monthly child support in the amount of $770 is affirmed. Mother shall recover her costs on appeal.

IRION, Acting P. J.

WE CONCUR:

DO, J.

RUBIN, J.

9